**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Steven A. Bozik, | : | Case No. 1:06CV0978 |
| | : | |
| Petitioner | : | Judge Donald C. Nugent |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Stuart Hudson, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this *pro se* action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his June 12, 2000 conviction pursuant to a jury trial of one count of aggravated murder and one count of murder, both counts bearing a firearm specification, upon which he is serving a sentence of imprisonment for life with no parole eligibility prior to serving twenty years, with a consecutive mandatory three year term for the firearm specification.

On July 24, 2000 petitioner, acting through new counsel, appealed his convictions to the Ohio Ninth District Court of Appeals, alleging six assignments of error:

    I.    The Defendant-Appellant's conviction of Aggravated Murder, R.C. 2903.01 and Murder, R.C. 2903.02(A) is against the manifest weight of the evidence.

    II.   The Defendant-Appellant's convictions are in error as the jury rendered verdicts on both Aggravated Murder and Murder contrary to the instructions given by the court.

    III.  The trial court erred in failing to instruct the jury on a lesser

        included offense of Voluntary Manslaughter.

    IV.    The trial court erred in the admission of improper evidence.

    V.    The trial court erred in denying Defendant-Appellant's motion to compel discovery with regard to information obtained in investigating a suspect other than Defendant-Appellant in the murder.

    VI.    Trial counsel was ineffective in their representation of Defendant-Appellant.

On December 26, 2001 the state appellate court affirmed the judgment of conviction and sentence.

On February 5, 2002 petitioner appealed that decision to the Ohio Supreme Court alleging the following five propositions of law:

> **Proposition of Law No. I:** The Defendant-Appellant's convictions are in error as the jury rendered verdicts on both Aggravated Murder and Murder contrary to the instructions given by the Court.
>
> **Proposition of Law No. II:** The Trial Court erred in failing to instruct the jury on a lesser included offense of Voluntary Manslaughter.
>
> **Proposition of Law No. III:** The Trial Court erred in the admission of improper evidence.
>
> **Proposition of Law No. IV:** The Trial Court erred in denying Defendant-Appellant's motion to compel discovery with regard to information obtained in investigating a suspect other than Defendant-Appellant.
>
> **Proposition of Law No. V:** Trial Counsel was ineffective in their representation of the Defendant-Appellant.

On May 1, 2002 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this ruling to the United States Supreme Court.

More than two years after his convictions petitioner filed a *pro se* motion for leave to file

2

a delayed motion for a new trial, alleging that he had obtained "exculpatory evidence." On February 3, 2003 the trial court denied the motion, finding that it had been untimely filed, that none of the evidence provided in the motion was new, and that petitioner had failed to establish that he had been "unavoidably prevented from discovering these items so as to timely file his motion."

On February 25, 2003 petitioner appealed the trial court's denial of the foregoing motion, and on July 23, 2003 the appellate court affirmed the denial of the motion. On August 20, 2003 the appellate court issued another judgment entry to correct an erroneous date included in the prior entry. There is no record of an appeal to the state supreme court of the appellate court's ruling.

On July 3, 2003, more than three years after his convictions, petitioner filed a *pro se* petition for post-conviction relief, which the trial court dismissed on November 14, 2003 as having been untimely filed.

Petitioner appealed the denial of that petition for post-conviction relief, and the appellate court issued a ruling on February 9, 2004 in which petitioner's brief was stricken for failing to comply with the local court rules because it exceeded the thirty page limit, failed to include sequentially numbered appendix pages, and failed to separately tab and identify appendix items. The court, however, granted petitioner until February 20, 2004 to file a brief complying with the identified rules, but warned petitioner that failure to do so would result in dismissal of his appeal. The court also instructed that a brief is deemed as "filed" on the date that it is time-stamped by an appellate court clerk.

Petitioner filed his second brief three days after the due date specified by the appellate court, prompting the State to file a motion to dismiss for failure to comply with the local appellate rules. In response to that motion petitioner filed a motion for leave to file his brief instanter. On

March 30, 2004, the appellate court granted the motion to dismiss, denied petitioner's motion for leave to file instanter, and dismissed the appeal, stating that "The appellant's complying brief was filed late and was not accompanied by a motion for leave to file the brief instanter. The appellant filed the motion for leave to file instanter as a response to the appellee's motion to dismiss."

On April 6, 2004 petitioner filed with the appellate court a *pro se* motion requesting leave to refile his second brief instanter, and also filed a motion to reconsider the dismissal of his appeal. On April 23, 2004 the appellate court denied petitioner's motion for reconsideration, holding "The court finds that the motion for reconsideration in this case neither calls attention to an obvious error nor raises an issue that we did not consider properly."

On April 30, 2004 petitioner filed a motion requesting that the appellate court certify the record to the Ohio Supreme Court for review and final determination. On May 21, 2004 the appellate court refused to certify the record, and ordered that petitioner's motion be stricken from the record in light of the fact that his motion was untimely filed and failed to specify the issue proposed for certification.

On May 6, 2004 petitioner filed in the state supreme court a *pro se* notice of appeal arguing the following proposition of law:

> **Proposition of Law No. I:** The appellate court abused its discretion and deprived Appellant of his due course of law through Article I, Section 16 of the Ohio Constitution involving his equal protection of the law and Governing Rules of the Appellate Court in the State of Ohio, when it: (1) outright dismissed his appeal from a timely filed brief, and (2) it did not proceed with the merits of the appeal for a minor, technical, correctable inadvertent violation of the Rules of the Appellate Court, and refused to reinstate the case according to the fundamental tenet of judicial review in Ohio Courts, adopted by the Ohio Supreme Court.

On August 4, 2004 the court denied petitioner leave to appeal and dismissed the appeal as not

involving any substantial constitutional question.

On November 21, 2003, one week after the trial court dismissed his petition for post-conviction relief, petitioner filed with that court a pleading captioned "Motion for Contempt of Court Against State of Ohio Counsel and Witnesses," in which he alleged "...contempt of court issues by the Plaintiff, the State of Ohio, State Counsel, Agents, and Witnesses in its broad sense, disregarded, and was disrespectful to the Court and its Orders creating an integrity issue with this Court."  On November 28, 2003 the trial court denied the motion.

Petitioner appealed the denial of the foregoing motion, alleging four assignments of error:

> I. The trial court erred and prejudiced Appellant [by] denying a show cause hearing for contempt of the court in violation of due process right from the United States and State of Ohio Constitutions.
>
> II The trial court erred and committed prejudicial error [by] allowing the State of Ohio and State witnesses [to] abuse the trial court's integrity without a hearing [for] allowing the Appellant to show contempt and the criminal injury against the trial court and Appellant's due process rights for post trial exculpatory evidence.
>
> III. The trial court erred and prejudiced the Appellant when it failed to conduct a hearing to show cause of contempt violating its own local rule prejudicing the Appellant's due process after complying to the local rule of the trial court.
>
> IV. Because Appellant was prejudiced by the State of Ohio and its agents for contempt of the trial court's orders for discovery and state witnesses criminally injured Appellant during trial with perjury, the trial court erred in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I; Sections Ten and Sixteen of the State of Ohio Constitution by not recognizing the contempt correcting the injury to the Appellant.

On September 22, 2004 the appellate court affirmed the judgment of the trial court, finding that

the first three assignments of error were without merit in light of the fact that as one accusing another of contempt there was no authority granting him the due process right to a hearing on the contempt charges. The court found that his fourth assignment of error was barred by res judicata, stating:

> Appellant could have, should have and did raise on direct appeal the very issues he is now raising in his contempt proceeding. See *Bozik I,* 9th Dist. No. 01CA3091-M, at 1-2. Furthermore, he challenged them again when seeking a new trial. See *Bozik II*, 2003-Ohio-3939, at ¶4. And, he challenged them yet again in his petition to vacate his sentence. Appellant has exhausted his opportunities to litigate these issues, and public policy dictates that there be a finality to Appellant's conviction. See *Szefcyk*, 77 Ohio St.3d at 95.

On October 1, 2004 petitioner once again filed a *pro se* motion urging the appellate court to certify the record to the state supreme court for review and final determination, and also filed a *pro se* motion urging the appellate court to reconsider its decision. On October 18, 2004, the court denied both of the foregoing motions.

Petitioner appealed the appellate court's September 22, 2004 decision to the supreme court, advancing the following five propositions of law:

> **Proposition of Law No. I:** The trial court erred and failed to conduct a properly required hearing according to statute for in-direct criminal contempt violating Appellant's due process rights to equal protection of the law protected by the Fourteenth Amendment to the United States Constitution and the right to be heard pursuant to Article I, Section 16 to the Ohio Constitution when probable cause was provided by Appellant to conduct a proper contempt proceeding pursuant to R.C. 2705.05 of the Ohio Revised Code.
>
> **Proposition of Law No. II:** The court of appeals committed reversible error and deprived Appellant of his due process according to statute when it ambiguously defined statute for contempt violating Appellant's equal protection by the Fourteenth Amendment to the United States Constitution and the right to be heard and seek redress in an Ohio court pursuant to Article I,

> Section 16 of the Ohio Constitution pursuant to §2705.02 through §2705.05 of the Ohio Revised Code.
>
> **Proposition of Law No. III:** The court of appeals committed reversible error and deprived Appellant his due process rights to a fair and equal appeal when it allowed Appellees to provide an initial defense that could have and should have been presented to the trial court in violation of statute and Rule 12 of the Rules of Appellate Procedure when the court failed to notify the parties for an equal protection to brief the issues before the court.
>
> **Proposition of Law No. IV:** The court of appeals committed reversible error and deprived Appellant of his due process rights when the doctrine of res judicata was applied to Appellant when the defense was never raised, including contempt is a separate litigation in itself and the prima facie case dehors the record.
>
> **Proposition of Law No. V:** The court of appeals lacked jurisdiction to review the appeal and the judgments rendered by the court are a nullity and void ab initio.

On February 2, 2005 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

On April 5, 2006[1] petitioner filed the instant *pro se* petition for writ of habeas corpus, in which he alleges the following eight grounds for relief[2]:

> **A. Ground One:** Conviction obtained by the unconstitutional failure of the prosecution to correct false and misleading testimony by State Witnesses even after the defendant impeached the state witness testimony which included the Lead Investigation Officer of the case.
>
> **B. Ground Two:** Conviction was obtained by the unconstitutional failure of the prosecution to disclose to the

---

[1] The date upon which petitioner signed the petition is deemed to have been the filing date. Houston v. Lack, 487 U.S. 266 (1988).

[2] For the sake of brevity, petitioner's lengthy "Supporting Facts" will not be set out. Although petitioner stated that there were seven claims for relief in support of his petition for writ of habeas corpus, his claims were incorrectly numbered and there are eight claims.

>    defendant evidence favorable to the defendant.
>
> **C. Ground Three:** Conviction was obtained by the unconstitutional failure of the prosecution and trial judge to protect the integrity of the trial court holding ex parte discussion when the investigation files were turned over to the trial judge without defense counsel present.
>
> **D. Ground Four:** Conviction was obtained by the unconstitutional failure of the trial court assuring the defendant was afforded his rights to counsel without a valid waiver.
>
> **E. Ground Five:** Defendant was denied his constitutional right to an effective appeal when the trial court and prosecuting attorney held hearings outside the record.
>
> **F. Ground Six:** Conviction was obtained by the unconstitutional failure of the prosecuting attorney to bolster false and misleading testimony during closing to the jury.
>
> **G. Ground Seven:** Conviction was obtained by the unconstitutional failure of the investigation officer(s) (State) to assure exculpatory evidence is not destroyed.
>
> **H. Ground Eight:** Conviction is not supported by the sufficiency of the evidence, (actual innocence) especially after the post trial disclosed documents substantiates actual innocence of the crime.

Respondent has moved to dismiss the instant petition as having been untimely filed.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).

Title 28 U.S.C. § 2244 provides that a petition for habeas corpus by a state prisoner must be filed within one year from the date on which direct review of the judgment was completed or

8

the time to pursue such review expired. After entry of a final judgment of a "state court of last resort," a criminal defendant has ninety days to file a petition for writ of certiorari, according to Rule 13 of the Rules of Court of the United States Supreme Court. That one year limitations period begins to run upon the expiration of the time for filing a petition for writ of certiorari for direct review in the United States Supreme Court. Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000). Section 2244(d)(2) further provides that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, once that time period is expired it cannot be revived by the filing of state collateral review proceedings. Vroman v. Brigano, 346 F.3d 598, 601-602 (6th Cir. 2003), quoting Rashid v. Khulman, 991 F.Supp. 254, 259 (S.D.NY 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In order to toll the limitations period an application for state post-conviction or other collateral review must have been "properly filed," which the United States Supreme Court has defined as being "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, e.g., requirements concerning the form of the document, applicable time limits upon its delivery, the court and office in which it must be lodged, and payment of a filing fee." Artuz v. Bennett, 531 U.S. 4 (2000). If a state court finds that a post-conviction or other collateral proceeding has not been "properly filed" in accordance with state procedural rules, that action will not toll the AEDPA limitations period. Pace v. DiGuglielmo, 544 U.S. 408 (2005) ("When a post conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).")

9

Petitioner's convictions became final on July 30, 2002, ninety days after the state supreme court dismissed his direct appeal on May 1, 2002. The one year limitations period for filing a petition for writ of habeas corpus began to run on the following day, July 31, 2002 and expired one year later on July 31, 2003.

Neither petitioner's motion for a new trial filed on January 7, 2003, nor his petition for post-conviction relief filed on July 3, 2003, each of which was filed prior to the expiration of the one-year limitations period, served to toll that period in light of the fact that the state trial court found them to have been untimely filed, rendering them "improperly filed" for the purpose of tolling the AEDPA limitations period.[3]

Petitioner's motion for contempt of court filed on November 21, 2003 had no impact on the already expired one-year limitations period.

Finally, there is nothing in the record to suggest that equitable tolling is warranted in this case to permit review of petitioner's time-barred claims for relief in habeas corpus. It is petitioner's burden to demonstrate the necessity of equitable tolling, which is infrequently applied by the courts. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004), cert. denied, 125 S.Ct. 200 (2004); McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003). Having failed to make such a showing, petitioner is not entitled to equitable tolling of the limitations period.

---

[3]In his recently filed response to the return of writ, petitioner argues that his petition *was* timely filed. In so arguing, he relies on the fact that he filed on July 28, 2003 with this district court a petition for writ of habeas corpus (Case No. 1:03CV1625, Chief Judge Paul R. Matia) which was dismissed without prejudice on September 23, 2003 for failure to exhaust state court remedies, as the above-referenced motion for new trial and petition for post-conviction relief were still pending at that time. He argues that Judge Matia should have held the petition in abeyance, as he requested, while he exhausted those remedies, instead of dismissing the petition without prejudice. Contrary to petitioner's arguments, this Court is not an appellate court sitting in review of Judge Matia's decision, and even if he had held the case in abeyance during the pendency of those actions, it would not have affected their outcome, which proved fatal as regards the question of tolling under the AEDPA in these proceedings. That aside, procedural problems abound, as the issues raised in the prior habeas petition differ from those raised herein.

That being so, in light of all the foregoing this Court concludes that the instant petition was untimely filed and, therefore, it is recommended that it be dismissed.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE: December 13, 2006


**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).